## Case No. 13,777.

TAYLOR v. The ANN D. RICHARDSON.

[See Case No. 410.]

---

## Case No. 13,778.

TAYLOR v. ARCHER et al.

[8 Blatchf. 315; 4 Fish. Pat. Cas. 449.][1]

Circuit Court, S. D. New York.  April, 1871.

PATENTS—DISCLAIMER — EQUIVALENTS — FIRST INVENTOR—COSTS—FLEXIBLE GAS TUBING.

1. Letters patent were granted to William B. S. Taylor, February 21st, 1865, for an "improved flexible tubing for illuminating gas." The assignee of the patent brought this suit, and, during its pendency, died. His administrator was substituted as plaintiff. The claim of the patent was, "the use and application of glue, or glue composition, in the tubing, substantially as described, for the purpose of making the flexible tubing gas tight, whether of cloth, or rubber, or other gum." During the pendency of the suit, the plaintiff, as sole owner of the patent, filed in the patent office a disclaimer to that part of the claim of the patent "which claims, as an improvement in flexible tubing for illuminating gas, the use and application of glue, thereby limiting the claim to the use and application of glue composition in the tubing, substantially as described, for the purpose of making the flexible tubing gas tight, whether of cloth, rubber, or other gum." Held, that the disclaimer was valid.

[Cited in Smith v. Nichols, 21 Wall. (88 U. S.) 117; Dunbar v. Meyers, 94 U. S. 194; Electrical Accumulator Co. v. Julien Electric Co., 38 Fed. 135.]

2. The glue composition of the plaintiff's patent was made of glue, dissolved in water, with molasses, (or, by substitution, glycerine,) honey or syrup added to preserve the glue in a flexible state. The defendant's tubes were made by the use of glue and glycerine in connection with animal intestines, used in a tubular form. Animal

intestines were shown to have been, at the date of the patent, a known equivalent, in the making of flexible gas tubes, for the cloth or rubber or gum spoken of in the patent. The plaintiff used the glue to render the tube gas tight, and the glycerine to keep the glue moist. Glue was shown to be practically impervious to gas. The glycerine, in the defendant's tubes, kept the intestine moist, and the glue moist also, and the glue acted, also, to keep the glycerine limpid. Held, that the defendant's tubes infringed the patent.

3. The said patent to Taylor is valid.

4. Although the patentee may have started later in his experiments towards the invention than another person did, yet, as he first made the completed successful invention and followed it up by his patent, he must, in the race of diligence, be held to be the first inventor.

5. The plaintiff was held not to be entitled to recover costs, his disclaimer having been filed during the pendency of the suit.

[Cited in Guarantee Trust & Safe-Deposit Co. v. New Haven Gaslight Co., 39 Fed. 269.]

[This was a bill in equity, filed to restrain the defendants [Ellis S. Archer and others] from infringing letters patent [No. 46,507] for an "improved flexible tubing for illuminating gas," granted to William B. S. Taylor, February 21, 1865, and assigned to Frederick R. Taylor, July 10, 1866.][2]

Charles M. Keller and Charles F. Blake, for plaintiff.

George Gifford, for defendants.

BLATCHFORD, District Judge. This suit was brought in August, 1866, by Frederick R. Taylor, as plaintiff. He died in October, 1866, and his administrator, William B. S. Taylor, was substituted as plaintiff. The suit is founded on letters patent granted to William B. S. Taylor, February 21st, 1865, for an "improved flexible tubing for illuminating gas," and assigned to Frederick R. Taylor, July 10th, 1866.

The specification says: "My said invention consists in the use of glue, or a composition of which glue forms a principal ingredient, as a coating or lining for flexible tubing used for the conduction of illuminating gas, and for the purpose of making such tubing impervious to the gas or its fluids." Four figures of drawings are then given, one showing a section of a rubber tube, with an inner lining or coating of glue; one showing a rubber tube, with a glue coating and a rubber covering; one showing a cloth tube, with a glue coating and a cloth covering; and one showing a cloth tube saturated with glue and having a covering of rubber or cloth. The specification proceeds: "I depend upon the glue to prevent the gas from penetrating through the tubing. In coating or saturating the tubing, the glue may be dissolved in water, and a portion, say one-third, of molasses, honey, or syrup added, to preserve the glue in a flexible state. Glycerine will answer as a substitute for molasses. The glue or glue composition is applied hot.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 8 Blatchf. 315, and the statement is from 4 Fish. Pat. Cas. 449.]

[2] [From 4 Fish. Pat. Cas. 449.]

[Drawing of patent No. 46,507, granted February 21, 1865, to W. B. S. Taylor. Published from the records of the United States patent office.]

In the case of the tube shown in Fig. 1, where the glue is used as a lining or inner coating, the glue may be poured into the tube so as to fill it, and, after standing long enough to form a film or coating of the desired thickness, the rest is poured out. To cover or coat the tubing on the outside, or to saturate it, the glue may be applied with a brush, or by dipping the tubing in a trough of hot glue. When the tubing has an exterior cover of cloth or rubber, it is put on while the glue is adhesive, or it may be suffered to dry and a coat of rubber cement applied over the glue and the outer cover secured by it." The claim is, "the use and application of glue, or glue composition, in the tubing, substantially as described, for the purpose of making the flexible tubing gas tight, whether of cloth or rubber or other gum."

The defences set up in the answer are, non-infringement and want of novelty. On the question of novelty patents are set up, granted in England, to Brockedon and Hancock, and enrolled May 19th, 1847, to Margaret Henrietta Marshall, and enrolled April 4th, 1844, to Marius Pellen, and dated September 26th, 1856, and to Edward Joseph Hughes, and dated June 8th, 1857; and a description in a printed public work published in London, England, in 1857, by Thomas Hancock, on the India rubber manufacture. It is also set up, that prior knowledge of the invention was possessed by Edwin M. Chaffee, John F. Holt, William H. Luther, Thomas W. Prentice, Isaac A. Brownell, and Theodore Sweet, at Providence, Rhode Island; and by Charles T. Hartwell, Augustus Lacy, and Edwin R. Walker, at the city of New York. Of the English patents so set up, the only one relied on in the proofs is that to Brockedon and Hancock, and the printed public work referred to was not put in evidence. The other evidence relied on, as to a want of novelty, relates to an alleged prior invention at Providence, Rhode Island, by one Thomas L. Reed, and to another alleged prior invention, at the same place, by Thomas L. Reed and David K. Hoxsie. This evidence was put in without objection.

During the pendency of the suit, and after considerable of the testimony had been taken, the plaintiff, as administrator of Frederick R. Taylor, and sole owner of the patent, filed in the patent office a disclaimer, dated December 22d, 1870, to that part of the claim of the patent "which claims, as an improvement in flexible tubing for illuminating gas, the use and application of glue, thereby limiting the claim to the use and application of glue composition in the tubing, substantially as described, for the purpose of making the flexible tubing gas tight, whether of cloth, rubber, or other gum."

The validity of this disclaimer is challenged. But I see no difficulty in upholding it. It is substantially such a disclaimer, and operates under substantially the same circumstances, as the disclaimer which was sustained by this court, in Tuck v. Bramhill [Case No. 14,213]. Nor is there any obscurity created in the specification, by engrafting on it, or incorporating in it, the language of the disclaimer. The disclaimer is only to a portion of the claim. It leaves unaffected the descriptive part of the specification. It merely strikes out from the claim the words "glue or." The use and application of glue composition in the tubing, for the purpose of making it gas tight, while it possesses the property of flexibility, is adequately described in the specification, and is properly claimed in the claim as it stands, with the disclaimer applied to it. The 54th and 60th sections of the act of July 8th, 1870 (16 Stat. 206, 207), contain substantially the same provisions, in regard to disclaimers, as the 7th and 9th sections of the act of March 3d, 1837 (5 Stat. 193, 194).

The flexible gas tubes sold by the defendants, and alleged to infringe the patent, were made by the use of glue and glycerine, in connection with animal intestines, the intestines being used in tubular form, and several being drawn one over the other. As animal intestines are shown to have been, at the date of the patent, a known equivalent, in the making of flexible gas tubes, for the cloth, or rubber, or gum, spoken of in the specification of the patent, the only point that could remain for consideration, on the question of infringement, would be, whether the glue and glycerine were used in the defendants' tubes for the purpose of making the tubes impervious to gas while capable of flexure. The ingenious theory constructed by the counsel for the defendants, and sought to be supported by testimony and by elaborate arguments, is, that the office of the glue in the plaintiff's patent is to render the tube practically gas-tight, and that the office of the molasses, honey, syrup, or glycerine, in that patent, is to keep the glue moist, and prevent it from cracking when the tube is bent; that, in the defendants' tubes, the intestines are used to render the tube practically gas tight, the glycerine is used to keep the intestines moist, and prevent their becoming dry, and then cracking by being bent, and thus becoming leaky of gas, and the glue is used to thicken the glycerine, and keep it from running off through limpidity; and that, therefore, the defendants' tubes do not infringe. But this conclusion by no means

follows from the premises. The object, in the tubes of both parties, is to have a tube that will bend without becoming leaky of gas, and that will stand the wear and tear of constant flexure in being moved. The object is not to make gas tight an immovable tube that is not to be subjected to flexure. The patent is for a "flexible tubing." The evidence is, that the intestines in the defendants' tubes will become dry, and then will be liable to crack by being bent, and thus to leak gas, unless they are kept moist. The defendants use the glue and glycerine. The glue is practically impervious to gas. The defendants completely coat the tubing with the mixture of glue and glycerine. The effect of this coating is to make a gas-tight film, and, at the same time, to keep the intestine moist, and free from liability to crack, the glycerine keeping the glue moist also. The intestine being of close texture, the proportion of glue used in the mixture, when the intestine is used, is less than when a foundation of less close texture than the intestine is used. The glue needs to be thicker or thinner, as the orifices it is to bridge over are less or more minute. This is the evidence. Not only so, but the specification of the patent to Hoxsie and Reed, of November 21st, 1865, in accordance with which the defendants' tubes were made, states that when the compound of glue and glycerine is to be applied directly to the surface of the intestine, it is to consist of equal parts of glue and glycerine, but that, when it is to be applied to a braided cotton covering, which covers the spiral wire coil which gives form to the tube, to render that impervious, the relative proportions should be about two-fifths glycerine to three-fifths glue, and that the glue may be in still greater excess according to the consistency required by the nature of the fabric. The reason for this is shown to be, that the pores of the intestine are finer than the pores of the cotton covering, and, therefore, require less glue in the compound to ensure an unbroken continuity in the film, when applied and set. Now, if the defendants use the film of glue and glycerine, they do not infringe the patent any the less because they use, in place of a foundation of cloth, or rubber, or other gum, a foundation of intestine, which is the equivalent, in law and in fact, of the cloth, or rubber, or other gum, although of closer texture, and so requiring a less proportion of glue than is named in the patent. Nor do they the less infringe because the glycerine, in addition to keeping the glue flexible, keeps the intestine, also, flexible. The compound of glue and glycerine is used, and, inasmuch as the glue is, in fact, impervious to gas, and its imperviousness is preserved, under flexure, by the presence of the glycerine, the compound is used by the defendants for the same purpose specified in the plaintiff's patent, namely, to make the tube impervious to gas under flexure. The glue acts to prevent the gas from penetrating.

It must so act, from its nature. So acting and being used, it must be held to be used for the purpose of so acting, notwithstanding it may also act to prevent the glycerine from being so limpid as to run away. The glycerine acts to moisten the glue, and keep it from cracking, and thus leaking under flexure. It must so act from its nature. So acting and being used, it must be held to be used for the purpose of so acting, notwithstanding it may, in addition, act to moisten the intestine, and keep it also from cracking, and thus leaking under flexure. It is entirely clear that the defendants' tubes made of intestines, with the use of glue and glycerine, are an infringement of the plaintiff's patent.

Taylor's invention was completed as early as the first part of November, 1864. The patent was applied for January 16th, 1865, the specification having been sworn to January 14th, 1865. Neither Reed nor Reed and Hoxsie made a successful flexible tube, coated with glue and glycerine, until the early part of 1865. Taylor may have started later in his experiments towards the invention than either Reed or Reed and Hoxsie did, but he arrived first at the goal, and first made the completed successful invention, and followed it up by his patent. In the race of diligence, he must be held to be the first inventor.

As to the tubing of the Brockedon and Hancock patent, it is clear, from that patent and the evidence, that it was not intended for gas tubing, and that it could not have been flexible gas-tight tubing; and it is more than doubtful whether it would have been gas-tight, even though not submitted to flexure.

There must be a decree for the plaintiff for a perpetual injunction, and an account, but without costs. Tuck v. Bramhill, before cited; Act March 3, 1837, §§ 7, 9 (5 Stat. 193, 194); Act July 8, 1870, §§ 54, 60, 111 (16 Stat. 206, 207, 216).